**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARDY JEAN YVENEL,<br><br>Petitioner,<br><br>v.<br><br>WARDEN LEONARD ODDO; *et al.*,<br><br>Respondents. | ) | 3:26-CV-1912 |

**ORDER**

Before the Court is Petitioner Mardy Jean Yvenel's petition for writ of *habeas corpus* (ECF 1). Mr. Yvenel, a native and citizen of Haiti, arrived at a port of entry in 2023. ECF 8 at 2. At that time, the government detained Mr. Yvenel, initiated removal proceedings against him, and paroled him into the United States. *Id.* DHS terminated his parole in 2024. *Id.*

On August 29, 2026, Mr. Yvenel was stopped by local police for a traffic violation. *Id.* Local police requested ICE assistance, and ICE subsequently detained Mr. Yvenel under 8 U.S.C. § 1226(a). *Id.* at 2–3. Pursuant to Section 1226(a), Mr. Yvenel received a bond hearing on October 14, 2026. *Id.* at 3. However, the immigration court concluded that it lacked jurisdiction to grant Mr. Yvenel's bond request because Mr. Yvenel was an "arriving alien" not detained under Section 1226(a). *Id.*

Mr. Yvenel requests release based on two arguments. First, he says that his bond hearing was constitutionally deficient because he is, in fact, detained pursuant to Section 1226(a). Second, he argues that his previous release on parole requires the government to demonstrate a material change in circumstances justifying his re-detention. The Court agrees.

In *Buele Morocho v. Warden Philadelphia FDC*, the Third Circuit concluded that noncitizens detained in the interior of the United States are detained under Section 1226(a) and are therefore entitled to an individualized bond hearing. *See generally* 189 F.4th 287 (3d Cir. 2026). The immigration court's summary denial of bond for lack of jurisdiction was thus insufficient.

The Court also concludes that due process requires the government to demonstrate a change in circumstances justifying re-detention. The Court follows the sound reasoning stated in *Garcia v. Oddo*, No. 3:26-cv-01256, 2026 WL 279277 (Sept. 16, 2026) (Hornak, J.). A grant of parole "creates 'an implicit promise,' upon which that individual may rely, that they will remain free so long as they obey the terms of their probation." *Id.* at *4 (quoting *Morrissey v. Brewer*, 408 U.S. 482 (1972)).

Even though Mr. Yvenel's parole was terminated, application of the *Mathews* balancing test still requires the government show a change in circumstances. Mr. Yvenel has a strong private liberty interest in not being detained. *Id.* at *4. The additional procedural safeguard of requiring the government to show a change in circumstances since 2023 is valuable, and Mr. Yvenel's liberty interest has already been erroneously deprived through the normal bond hearing procedure. *Id.* at *5. Finally, while the government's general interest in enforcing immigration laws is strong, the burden of showing a change in circumstances is minimal; the government already has an existing duty to evaluate dangerousness and flight risk. *Id.*

******

Petitioner's Petition for Writ of Habeas Corpus (ECF 1) is **GRANTED** as follows. It is **HEREBY ORDERED** that Petitioner is to be released from custody forthwith. Respondents are **ORDERED** to return to Petitioner any and all funds or property which may have been seized from him at the time of his arrest or which are otherwise in custody. Respondents are directed to file a Notice to this Court on this

docket within twenty-four (24) hours of Petitioner's release detailing the date, time, and circumstances of Petitioner's release. Respondents are enjoined from re-detaining the Petitioner within the interior of the United States under § 1225(b)(2) permanently, as this Circuit has now held that § 1225(b)(2) does not apply to noncriminal noncitizens detained in the interior. *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287 (2026). Respondents are enjoined from re-detaining the Petitioner under § 1226(a) for a period of twenty-one (21) days and may then re-detain Petitioner only if there then exists a fact-supported lawful basis for doing so, and such is in accord with the law. The Clerk shall close the case on the docket without prejudice. The Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

DATED this 4th day of November, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge